UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YU HIN CHAN *and* FEIFEI GU,

Plaintiffs,

v.

CITY OF NEW YORK, JOSEPH ROBINSON, DANIEL SINAI, MICHAEL SHER, STEVEN VITELLI, HANG CHEN, EMILY HUI CHEN-LIANG, SUSANA CHONG CHEN, YU YING WU, *and* OLIVER MUIR,

Defendants.

**ORDER**

25-cv-00029 (ER)

RAMOS, D.J.

This action arises from events related to the destruction of a security camera, and the New York Police Department's response to a 911 call about the camera. On January 2, 2025, Yu Hin Chan and Feifei Gu, both proceeding *pro se*, filed a complaint against the City of New York, Joseph Robinson, Daniel Sinai, Michael Sher, Steven Vitelli, Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, Yu Ying Wu, and Oliver Muir (collectively, "Defendants"). Doc. 1. On January 2, 2025, summons for the City of New York for the complaint was issued. Doc. 3. However, Chan and Gu then filed an amended complaint on January 3, 2025. Doc. 5. On February 7, 2025, Yu Hin Chan voluntarily dismissed his claims against all Defendants, and Feifei Gu dismissed the state law claim for false arrest against Michael Sher and Steven Vitelli, Doc. 10, but continued the action, filing a second amended complaint ("SAC") against all Defendants, Doc. 8.

In the SAC, Gu alleges that Hang Chen, Emily Hui Chen-Liang, and Susana Chong Chen called 911 stating that Gu destroyed a camera, and that Defendant Yu Ying Wu damaged the camera. Doc. 8 at 1–2, 6. Gu states that NYPD police officers Joseph Robinson, Daniel Sinai, Michael Sher, Steven Vitelli, and Oliver Muir responded to the incident. Doc. 8 at 2.

A summons must be issued for each defendant to be served. Fed. R. Civ. P. 4(b). On the same day she filed the SAC, February 7, 2025, Gu improperly listed all Defendants on the same request for issuance of summons. Doc. 9. On March 31, 2025, Gu filed eight certificates and affidavits of service of summonses, and two notices that summonses were returned unexecuted. Docs. 11–15, 17–22.

After a summons is issued, a person who is *not* a party to the suit must serve the defendants with a copy of the operative complaint in order to properly effectuate service. Fed. R. Civ. P. 4(c). No summons was issued for any individual Defendant after Gu filed the SAC,[1] and no Defendant has appeared.

On March 31, 2025, Gu filed a certificate of service for the City of New York. Doc. 13. The certificate states that an individual named Hailey Brown served the summons and the amended complaint[2] via the City's online portal on March 18, 2025. *Id.* However, service was not properly executed, as no summons was issued for the City of New York for the SAC. *See* Fed. R. Civ. P. 4(b).

On March 31, 2025, Gu filed affidavits of service for NYPD officers Joseph Robinson, Michael Sher, and Steven Vitelli. Docs. 11, 18, 21. An individual named Melissa Bondi swore in these affidavits that on March 17, 2025, she provided a copy of the summons, the amended complaint,[3] verification, and exhibits to a Sargeant Muhr, and also mailed the documents to the workplace of Robinson, Sher, and Vitelli. Docs. 11, 18, 21. However, service was not properly executed, as no summons was issued for Joseph Robinson, Michael Sher, or Steven Vitelli for the SAC. *See* Fed. R. Civ. P. 4(b).

---

[1] A summons was issued for the City of New York on January 2, 2025 for the initial complaint, not the SAC. Doc. 3. However, Gu did not file any proof of service for the City of New York before filing the first amended complaint and the SAC. *See* Docs. 5, 8. No summons was issued for the City of New York for the SAC.

[2] Brown does not specify whether the "amended complaint" she served was the first amended complaint, Doc. 5, or the SAC, Doc. 8.

[3] Bondi does not specify whether the "amended complaint" she served was the first amended complaint, Doc. 5, or the SAC, Doc. 8.

On March 31, 2025, Gu filed documents stating that summonses were returned unexecuted for Daniel Sinai and Oliver Muir, because they were no longer city employees. Docs. 19, 20. Thus, service was not properly executed for them. *See* Fed. R. Civ. P. 4(c).

On March 31, 2025, Gu also filed certificates of service for the individuals she does not allege are NYPD officers: Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, and Yu Ying Wu. Docs. 12, 15, 17, 22. The declaration in the certificate for Yu Ying Wu states that on March 12, 2025, Yu Hin Chan[4] "attempted to serve Hang Chen, who is authorized to receive service on behalf of Yu Ying Wu, as Yu Ying Wu is his contractor, [but] Hang Chen rejected service." Doc. 12. The declaration in the certificate for Hang Chen states that, on the same day, Chan both "attempted to serve Hang Chen personally" and "attempted to serve Mark Salem, who is authorized to receive service as Hang Chen's attorney," but both rejected service. Doc. 17. The declarations in the certificates for Emily Hui Chen-Liang and Susana Chong Chen state that on March 12, 2025, Chan "attempted to serve Mark Salem, who is authorized to receive service" as the attorney for the individuals, but he also rejected service. Docs. 15, 22. The certificates for these individuals then state that service was completed by mailing the summons and complaint via USPS priority mail to their last known place of business. Docs. 12, 15, 17, 22. However, because no summonses were issued for Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, or Yu Ying Wu for the SAC, they have not been properly served. *See* Fed. R. Civ. P. 4(b).

Accordingly, as set forth above, no Defendant has been properly served with the SAC. The Clerk of Court is directed to issue for the City of New York, Joseph Robinson, Daniel Sinai, Michael Sher, Steven Vitelli, Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, Yu Ying Wu, and Oliver Muir individual summonses for each Defendant and to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the New York City Police Department and the New York City Law

---

[4] The certificate does not specify whether Yu Hin Chan is the same person as the plaintiff who voluntarily dismissed his claims, Doc. 10.

Department waive service of summons. In compliance with Rule 4 of the Federal Rules of Civil Procedure, Gu is directed to personally serve the summonses and second amended complaint on Hang Chen, Emily Hui Chen-Liang, Susana Chong Chen, and Yu Ying Wu within 90 days of the issuance of each summons.[5] If within those 90 days, Gu has not served these individuals, the Court may dismiss the claims against them under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

It is SO ORDERED.

Dated: October 26, 2026
New York, New York

Edgardo Ramos, U.S.D.J.

[5] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summonses in this case were not issued when Gu filed the complaint. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.